**PLUESE, BECKER & SALTZMAN, LLC**
Attorneys at Law

| | | |
|---|---|---|
| **ROB SALTZMAN** ◆ | | **ROBERT F. THOMAS** ◆ |
| RSaltzman@pbslaw.org | | RThomas@pbslaw.org |
| **SANFORD J. BECKER** | | **KATHLEEN L. STANTON**◆ |
| SBecker@pbslaw.org | 20000 Horizon Way, Suite 900 | KStanton@pbslaw.org |
| | Mount Laurel, NJ 08054-4318 | |
| | (856) 813-1700 | **SHANNON BURRINI** |
| | FACSIMILE: (856) 813-1720 | SBurrini@pbslaw.org |
| | | **KARLEE MARTIN**◆ |
| **ROBERT T. PLUESE** | | KMartin@pbslaw.org |
| Retired | | |
| | | *Of Counsel* |
| ◆ PA and NJ Bars | September 25, 2018 | **STUART WEST**◆ |
| | | SWest@pbslaw.org |

Our File # 0900112B

The Honorable Michael B. Kaplan
United States Bankruptcy Court
402 East State Street
Trenton, NJ 08608

Re: <u>In re Brian M Schoener and Amy N Schoener</u>
    Chapter 13 Case No. 18-26593-MBK
    Hearing Date: October 9, 2018

Dear Judge Kaplan,

As the Docket should reflect, this law firm represents the Mortgagee/Secured Creditor, The Provident Bank ("The Provident Bank" or the "Mortgagee"), in the above-referenced reorganization. Please accept this brief letter memorandum in lieu of a more formal response to the Debtors' Motion to Continue the Automatic Stay (the "Motion"), presently returnable on October 9, 2018.

Briefly summarized, the operative circumstances follow: The Motion is predicated upon the Debtors being advised by their former attorney(s), in their first bankruptcy case, to allow the bankruptcy case to be dismissed. This is the Debtors' second invocation of the protections of the U.S. Bankruptcy Code, filed less than one year from the dismissal of his prior Chapter 13 case. The prior case, 17-32250-MBK, was pending for approximately nine months and was dismissed for failure to make plan payments.

The Debtors retained two different, respectable, and experienced bankruptcy firms in their last bankruptcy case.

The Debtors were also given the opportunity to complete loss mitigation in their previous case, but loss mitigation was terminated on May 18, 208 for the Debtors' failure to submit a complete loss mitigation package.

Honorable Michael B. Kaplan
<u>In re Brian M. Schoener and Amy N Schoener</u>
Case No. 18-26593-MBK
October 9, 2018
p.2

The Mortgagee filed a Motion for Relief from the Automatic Stay in the last bankruptcy case, because the Debtors did not tender all of their post-Petition payments and/or adequate protection payments. Stay Relief was granted on May 3, 2018 and the Bankruptcy case was dismissed on May 23, 2018. On August 16, 2018 a Complaint in foreclosure was filed, with a default date of January 1, 2018. The Debtors filed their current bankruptcy case on August 20, 2018.

The Debtors' Schedules attest to a negative monthly net income of ($1,492.638) with the Debtors paying the lower adequate protection mortgage payment of $2,940. The actual monthly mortgage payment amount is $4,886 and the correct adequate protection mortgage payment is $3,778.84. The proposed Chapter 13 Plan is not feasible given the large monthly shortfall.

The Mortgagee's proposed Proof of Claim lists the pre-Petition arrearages in the amount of $48,404.41. Also, per the previous bankruptcy case, the Debtors owe an IRS priority claim, in the approximate amount of $40,000. A monthly Trustee payment approximating $806.74 would be required to cure the Mortgagee's pre-Petition arrearages. Given the income and expenses listed, there has not been a dramatically positive change in circumstances, so that, it presently appears the Debtors' hope for a successful reorganization via the Chapter 13 process will not come to fruition.

By reason of the foregoing, the Mortgagee respectfully submits the Motion should be denied.

Thank you for Your Honor's consideration of this matter.


Respectfully Submitted,

Pluese, Becker & Saltzman, LLC

By:   /s/ Stuart H. West
     Stuart H. West, Esquire

SHW/dlc

cc:   Karina Pia Lucid., Via ECF and Regular Mail
     Albert Russo, Esq., Via ECF and Regular Mail